By the Court.—Speir, J.
It is quite clear that the jury has found the contract as alleged in the complaint, that the defendants were to pay to the plaintiff a salary for services rendered, at the rate of two thousand dollars a year, to commence on January 1, 1872, and to terminate on January 1, 1873, and that the plaintiff was entitled at that rate from January 1, 1872, to March, 1872, for services actually rendered when the receiver assumed his office as such. In tíasparticular, the jury followed the instructions of the court. He told them the rate of compensation was the only question in dispute. The fact whether the plaintiff was ready to perform the services under the contract, or refused so to do, and whether the defendant *111 discharged him from farther duty in that respect, was withheld from the consideration of the jury. For if the law as laid down by the learned judge is sound, it must follow that, even though such a contract existed between the parties, and was partly performed up to the time the receiver entered upon his duties, the plaintiff” would be entitled to recover, although he without sufficient cause refused to execute it on his part.
The court told the jury that in regard to the discharge as affecting the right of the plaintiff to recover in this action, it was not a question for them to dispose of; that the court would dispose of that, as a matter of law ; that the appointment of the receiver of the property and assets of the firm of E. A. Heath & Co., operated as a dissolution of copartnership, and a transfer of all such property and assets to the receiver, and such dissolution and transfer was a rescission of the contract then existing between the plaintiff and the defendant, and although the receiver had authority to-continue the business, and could have continued the services of the plaintiff, he was not bound to do so. ÍTor was the plaintiff bound to continue in the service of the receiver.
The defendant’s counsel excepted to that portion of this charge which relates1 to the appointment of the' receiver as rescinding the contract of employment by E. A. Heath & Co. The charge embraced two distinct propositions, although they are grammaticaliy connected in the same sentence. The first relates to the dissolution of the copartnership, and the transfer of the property and assets of the firm by operation of law to the receiver. The second, the effect of the transfer as rescinding the contract between the plaintiff and defendants. The exception very clearly and specifically points out that portion of the charge as being objectionable, with sufficient accuracy, and is not, I think, justly liable to the plaintiff’s criticism in that, particu *112 lar. Mor do I think that the whole of the charge must be erroneous in order to sustain this exception as claimed by counsel.
The question litigated by the parties, whether the receiver discharged the plaintiff for the reason that he would not recognize his contract as claimed by him, or for any other cause, or whether the plaintiff refused to perform that contract, was taken from the jury, and the only question they were instructed to find, was what the contract was.
If the contract was rescinded by operation of law, it follows there was nothing whatever for the jury to pass upon. Again, if such a contract existed, and the plaintiff, for any cause, refused 1o carry it out, it was a breach on his part, and he can not recover.
Judgment and order must be reversed, and a new trial ordered, costs to appellant to abide the event.
Freedman, J., concurred.